Lois M. Buckles v. Commissioner.
Buckles v. Commissioner
Docket No. 1912-65.
United States Tax Court
T.C. Memo 1968-105; 1968 Tax Ct. Memo LEXIS 196; 27 T.C.M. (CCH) 520; T.C.M. (RIA) 68105; May 29, 1968. Filed Lois M. Buckles, pro se. St. Joseph, Mo. Rex A. Guest, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined deficiencies in the 1961 and 1962 income tax of Jerry M. and Lois M. Buckles (husband and wife) in the respective amounts of $1,343.37 and $1,121.59. During the years in 521 question the Buckles lived in St. Joseph, Missouri, and they filed their joint income tax returns for said years with the district director of internal revenue at Oklahoma City, Oklahoma. In the said returns the taxpayers reported commission income from sales in the sums of $11,464.83 in 1961 and $10,864.23 in 1962. In these returns they deducted sub-commission payments to their commission salesmen in the sums of $6,768.10 in 1961 and $5,335.75 in 1962. They also deducted travel and transportation expenses in the sums of $3,920 in 1961 and $3,488.57 in 1962. Respondent in his notice of deficiency disallowed portions of sub-commission and travel and transportation expenses for both years, for lack of substantiation. And for the same reason respondent disallowed some of the itemized deductions claimed on the returns, but for the year *198 1961 determined those that were verified were less than the allowable standard deduction for each year computed on the adjusted income. Respondent also determined automobile depreciation was overstated on the returns and rental property depreciation slightly understated. The following shows respondent's adjustments to income in 1961 and 1962: SCHEDULE 1
Adjustments to Income Year Ended 12/31/61
Taxable income disclosed by return
[802.38)
Additional income and unal- lowable deductions:
(a) Unsubstantiated business deductions
$5,534.05
(b) Depreciation
450.00
(c) Itemized deductions less standard deduction 306.36
6,290.41
Taxable Income as adjusted
$5,488.03
SCHEDULE 4
Adjustments to Income Year Ended 12/31/62
Taxable income disclosed by return - line 11 (d)
[956.64)
Additional income and unal- lowable deductions:
(a) Unsubstantiated business expense
$4,855.27
(b) Depreciation
606.00
(c) Itemized deductions 931.73
6,393.00
Total
$5,436.36
Additional deduction:
(d) Mathematical error on return 1,000.00
Taxable Income as adjusted
$4,436.36
Respondent determined the deficiency in income tax based on the adjustments increasing *199 income and disallowing deductions to be $1,127.37 in 1961 and $895.99 in 1962. To these income tax deficiencies respondent added self-employment tax of $216 in 1961 and $225.60 in 1962, making the total determined deficiencies for the years in question $1,343.37 for the year 1961 and $1,121.59 for the year 1962. [1] Petitioner and Jerry M. Buckles were divorced in 1963. Petitioner appeared pro se and she was her only witness. [2] She made a long, rambling statement on the witness stand which had nothing to do with the assignments of error. Nothing in her statement constituted any substantiation for the business expenses and deductions disallowed by respondent and she gave no evidence with respect to the depreciation item. The remaining adjustment increased the joint income tax of petitioner and Jerry by adding the self-employment tax on Jerry's commission income during the years in question. By pleading admissions it fairly appears that during *200 the years in question Jerry M. Buckles was an outside salesman for various companies. It is also alleged in the petition that respondent erred in determining "that Petitioner is liable for self-employment tax, in the respective amounts of $216.00 and $225.60." The issue here is one of law with the issue being whether petitioner is liable for the self-employment tax with respect to the self-employment income of her husband. We hold that she is. Petitioner was married to Jerry M. Buckles during the years in issue and she filed joint returns with her husband for said years. These returns were filed under the permission granted in section 6013, I.R.C. of 1954, which provides in section 6013(a), I.R.C. of 1954, that a husband and wife "may make a single return jointly of income taxes under subtitle A, * * *." The self-employment tax is imposed by section 140(a) in Chapter 2 of Subtitle A and is thus within the express language of the joint return statute or section 6013. Section 6013(d)(3) provides that "if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint *201 and several." The above statutes provide ample support for respondent's regulation, sec. 1.6017-1, Income Tax Regs., which specifically provides in pertinent part: 522 section 6013 is applicable to the return of the tax on self-employment income; therefore, the liability with respect to such tax in the case of a joint return is joint and several. We hold for respondent. Decision will be entered for the respondent. Footnotes
1. The returns had reported less than a thousand dollars net income and no tax due.↩
2. At a pre-trial conference attended by petitioner and her ex-husband, Jerry M. Buckles, the latter stated he was not contesting the deficiency.↩